UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Vanguard Trading Company LLC,<br><br>     Plaintiff,<br><br> v.<br><br>United States,<br><br>     Defendant. | Court No. 23-00253 |

## COMPLAINT

Plaintiff, Vanguard Trading Company LLC, ("VTC") by and through its attorneys, Craven Trade Law LLC, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA") to contest the June 14, 2023 decision of U.S. Customs and Border Protection ("CBP") and its Administrative Review determination of October 23, 2023 made in connection with EAPA Case number 7722. *See* 19 U.S.C. §1517(g).

2. The United States Court of International Trade has exclusive jurisdiction over this action under 28 U.S.C. §1581(c) as this action is commenced

pursuant to 19 U.S.C. § 1517 within 30 business days of the date of determination.

## STANDING

3. Plaintiff Vanguard Trading Company LLC, ("VTC") is a corporation organized under the laws of the United States. VTC imported and sold certain mineral-based surface products produced in China subject to CBP's evasion investigation and is an interested party pursuant to 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

4. Following CBP's determination of evasion, Plaintiff is subject to antidumping duties is therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedures Act, as amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

5. CBP issued a determination of evasion on June 14, 2023. CBP's Office of Trade Regulations and Rulings issued their Administrative Review determination on October 23, 2023.

6. Plaintiff VTC is commencing this action with the concurrent filing of a summons and complaint, within 30 business days after publication of CBP's administrative review of October 23, 2023 decision, and has adhered to all service and

notification requirements as set out by the Rules of the U.S. Court of International Trade. *See* Rules 3 and 4 of the Rules of the U.S. Court of International Trade. Accordingly, plaintiff VTC has commenced this action within the statutorily prescribed time limits specified in 19 U.S.C. § 1517(g)(1).

## THE ADMINISTRATIVE PROCEEDINGS

7. On July 11, 2022, Cambria Company LLC filed an allegation that certain entities were evading the Antidumping duty order on quartz surface products from the People's Republic of China and that such importations were being directly shipped from China. VTC was the named entity. VTC alleges that the allegation was insufficient to support initiation of an EAPA investigation, and critically that CBP violated a number of provisions of law in making its determination of evasion.

8. CBP acknowledged receipt of VTC's allegations on July 21, 2022.

9. On August 11, 2022, CBP initiated Case No. 7722.

10. On August 29 and August 30, 2022 CBP sent a request for information to VTC.

11. On September 30, 2022, October 1, 2022 and October 6, 2022 VTC submitted responses to the request for information.

12. On November 17, 2022 CBP issued a notice of initiation.

13. On December 2, 2022 CBP issued a request for information to VTC.

14. On February 13, 2023 CBP issued a supplemental RFI to VTC.

15. On February 27, 2023 VTC supplied a limited response to the RFI and supplemental RFI readily admitting that the product was produced in China, but arguing that the product was not QSP. VTC also requested that CBP suspend the EAPA action and seek advice from the Department of Commerce ("Department" or "Commerce" or "DOC") pursuant to 19 CFR 165.15 to clarify whether such product was within the scope of the order.

16. In this February 27, 2023 submission VTC explained in detail that there was no gaps on the record, that many of the questions sought information about issues not in dispute, and that there was only one issue properly before CBP – whether the product was in scope or out of scope.

17. On August 17, 2023 VTC submitted additional information including notice of the existing scope ruling process at the Department. CBP rejected the submission.

18. During the submission process, CBP did not allow VTC to place on record even the existence of the administrative action at the Department of Commerce.

19. On April 17, 2023, VTC submitted the written argument, and then on May 2, 2023, VTC submitted rebuttal argument. However, CBP rejected both submissions alleging that both submissions contain new factual information. VTC submitted a revised written argument on May 15, 2023.

20. On June 14, 2023, CBP issued its determination.

21.     On July 28, 2023 VTC filed a request for an Administrative Review of the Department's determination. Included with this was a further request that CBP suspend this EAPA investigation and seek advice from the Department with respect to the scope of the order and also requested that the Department comply with the recent court decision in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) and thus failed to disclose to VTC's counsel all of the information improperly withheld during the course of the investigation.

22.     On October 23, 2023, CBP issued its decision in response to VTC's request for an Administrative Review. In this decision, VTC continued to refuse to seek advice from the Department of Commerce as to scope, failed to recognize the ongoing scope process at the Department and refused to release to VTC the critical information withheld from VTC during the course of the investigation.

## STANDARD OF REVIEW

23.     The standard of review of an initial determination under 19 U.S.C. 1517 (c) or an administrative review of such determination under 19 U.S.C. 1517(f) is set forth in 19 U.S.C. 1517(g)(2) as follows:

> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
>
> (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and

(B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## CLAIMS

### COUNT ONE

24. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

25. VTC's product is not traditional quartz slab, but rather is a unique mineral-based slab not subject to the order. 19 CFR 165.15 requires CBP to seek clarification as to the scope of the order and suspend the investigation in such circumstances. CBP did not do so, but rather took upon itself Commerce's duty to determine whether a unique product falls within the scope of the order.

26. CBP's failure to seek clarification was an arbitrary and capricious decision and thus was an abuse of discretion and otherwise not in accordance with the law.

### COUNT TWO

27. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

28. CBP relied upon certain confidential information, including Customs Lab tests, which were not disclosed to VTC during the course of the investigation, thus depriving VTC of the right to examine and confront the evidence.

29. The Federal Circuit held in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) that CBP could not withhold important information from a respondent in an EAPA investigation and must disclose to such parties such information.

30. In this matter, CBP failed to disclose certain information to VTC and/or VTC's counsel including the details of Customs Lab tests, thereby depriving VTC of the ability to comment on the accuracy and completeness of such lab tests.

## COUNT THREE

31. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

32. CBP's failure to provide VTC with the confidential information making up the substance of the allegations and the basis of the determination was a violation of VTC's rights to due process.

33. The failure to provide due process to VTC means that the administrative determination is improper and must be dismissed.

## COUNT FOUR

34. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

35. CBP's determination that the product subject to this investigation was incorrect and this was an arbitrary and capricious decision and otherwise not in

accordance with law.

36. CBP failed to properly analyze the information submitted, and failed to take into account the serious flaws in the CBP lab tests.

37. CBP finding's, even based on the limited record and limited argument able to be provided due to the non-disclosure of critical facts, was unsupported by the law and facts.

## COUNT FIVE

38. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

39. The purpose of the EAPA statute is to address issues of evasion and circumvention.

40. The underlying facts show that the matter in question is not a case of evasion or circumvention, but rather is a fully disclosed and open dispute as to the classification and scope of an antidumping and countervailing duty order.

41. An EAPA determination in the absence of even a colorable allegation evasion or circumvention, is not permitted under the statute.

42. The investigation was not authorized by the statute and is thus unlawful.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter

judgment as follows:

1. Sustaining counts one through five of plaintiff's complaint;

2. Remanding this matter to U.S. Customs and Border Protection with instructions that CBP terminate this investigation and order the liquidation of entries without the addition of Antidumping and Countervailing Duties;

3. Awarding attorney's fees and costs as appropriate;

4. Providing such other relief as the court may deem just and appropriate.

        Respectfully submitted,

        David J. Craven
        Craven Trade Law LLC
        3744 N Ashland Avenue
        Chicago, IL 60613

        (773) 709-8506
        Counsel for Vanguard Trading
        Company LLC

        By:   /s/David J. Craven
               David J. Craven

Dated: December 4, 2023