BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Vanguard Trading Company LLC,<br><br>   Plaintiff,<br><br>v.<br><br>United States.<br><br>   Defendant. | Ct. No. 23-00253 |

**REPLY OF VANGUARD TRADING COMPANY LLC TO
DEFENDANTS'S RESPONSE TO
RULE 56.2 MOTION OF PLAINTIFF
VANGUARD TRADING COMPANY LLC FOR JUDGMENT
UPON THE AGENCY RECORD**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
   Counsel for Plaintiff

Dated: November 25, 2024

# TABLE OF CONTENTS

Table of Contents ................................................................................................................i
Table of Authorities ........................................................................................................... ii
Certificate of Compliance ................................................................................................. iii
  I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................1
       A.  Introduction ................................................................................................ 1
       B.  Summary of Argument ...............................................................................1
  II.  ARGUMENT.................................................................................................2
       A.   The Defendant Cannot Cite to the Scope Ruling ...................................2
       B.   The Evidence of Evasion is Not Substantial ...........................................6
       C.   Vanguard's Statements and Omissions Do Not Form a Basis for a
            Finding of Evasion ..................................................................................7
       D.   CBP Should Have Made a Referral to Commerce..................................8
  III. CONCLUSION............................................................................................10

# TABLE OF AUTHORITIES

**Court Cases:**

*PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751(Fed. Cir. 2012) ...................................................................................................................4

*Essar Steel Ltd. v. United States,* 678 F.3d 1268 (Fed. Cir. 2012) ............................4

*Royal Brush Mfg., Inc. v. United* States, 545 F.Supp. 3d 1357 (Ct. Int'l Trade 2021) ..............................................................................................................7

**Statutes and Regulations:**

19 U.S.C. §1517 ............................................................................................................2

19 U.S.C. §1517(g)(2) ..................................................................................................3

19 C.F.R. §165.26 ....................................................................................................2, 3

19 C.F.R. §165.45 ....................................................................................................2, 3

19 C.F.R. § 351.225 .....................................................................................................9

19 C.F.R. § 351.227 .....................................................................................................9

**Administrative and Other:**

Rule 56.2 of the Rules of the U.S. Court of International Trade ...............................1

89 Fed Reg 19239 (April 17, 2024) .............................................................................9

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the guidelines set forth in the Standard Chambers Procedures. The brief contains 2425 words on numbered pages (that is, excluding only the Cover Page, the Table of Contents, the Table of Authorities, the signature block, and the present certificate) according to the word-count function of Microsoft Word for Office 365, the word processing program used to prepare this memorandum.

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Respectfully Submitted,<br>
/s/ David J. Craven<br>
David J. Craven

November 23, 2024

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade and the Court's Scheduling Order, plaintiff Vanguard Trading Company LLC ("Vanguard") respectfully submits this reply to the Response of defendant United States of America to the Motion and Memorandum ("Response") presented by plaintiffs ("Memo").

### A.  *Introduction*

As demonstrated below, the arguments submitted by the defendant are unavailing, and this Court should remand this matter to U.S. Customs and Border Protection with a direction that they should terminate this matter.

### B.  *Summary of Argument*

The primary issues in this appeal are not complicated and a significant portion of the Response must be rejected as improper argument.

- Reviews of EAPA determinations and administrative reviews are conducted on the record. In this matter, the defendant cited to matters from outside the record and argued that such external documents were, in some way, dispositive. As this is a review on the record, such arguments must be rejected and not considered by the Court.

- The information impermissibly presented by defendant is all the more inappropriate in that the defendant, in the underlying administrative proceeding, refused to allow plaintiff to place any information about the proceeding referenced in the additional document cited by defendant on the record, expressly directing that such references and argument be ignored. It is not appropriate for the defendant to then argue that it can use information which it expressly rejected in the

1

- administrative proceeding in this Court proceeding.
- The plaintiff fully cooperated in this matter providing all of the necessary information with respect to the only issues in contention in the underlying administrative proceeding.  To the extent that plaintiff did not provide information, such information related solely to issues over which there was no dispute.
- The defendant should have made a referral of this matter to the Department of Commerce for their input as to the scope.  To the extent that defendant did not make a referral, it must then have postponed any action pending the resolution of the scope process. The administrative notices published with the regulations indicated that this was the appropriate process.

## II.     ARGUMENT:

### A.     *The Defendant Cannot Cite to the Scope Ruling*

At page 18 of its response, the defendant United States argued that a scope ruling issued by the Department was, in some way, dispositive and provided a copy of this ruling as an exhibit to its submission.  As detailed below, the attempt to place this on record is contrary to law, and critically, reverses the decisions made by CBP in the underlying administrative matter where CBP refused to allow plaintiff to place the scope ruling process on record and refused to allow plaintiff to make argument on this matter.

It is axiomatic that these Court proceedings are conducted on the administrative record.  While 19 U.S.C. §1517 does not expressly state that the review is to be based on the record, this is clear from the underlying regulations (19 C.F.R. §165.26 and 19 C.F.R. §165.45) that this review is intended to be of the

record, and only the record.  19 C.F.R. §165.26 states in relevant part:

> *(a) Written arguments.* Parties to the investigation:
> (1) May submit to CBP written arguments that contain all arguments that are relevant to the determination as to evasion and **based solely upon facts already on the administrative record in that proceeding**. . .

19 C.F.R. §165.45 states in relevant part:

**§ 165.45 Standard for administrative review**

CBP will apply a de novo standard of review and will render a determination appropriate under law according to the specific facts and circumstances on the record. For that purpose, **CBP will review the entire administrative record** upon which the determination as to evasion was made, the timely and properly filed request(s) for review and responses, and any additional information that was received in response to a request by CBP pursuant to § 165.44. The administrative review will be completed within 60 business days of the commencement of the review.

19 U.S.C. §1517(g)(2) provides in relevant part:

> **(2) Standard of review**
> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
> **(A)** whether the Commissioner fully complied with all procedures under subsections (c) and (f); and
> **(B)** whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

In order to make the decision under (B), such review would necessarily be limited to the record.  If the review is not on the record, the basis for the

3

determination would not be before the Court and it could not determine whether such determination was arbitrary, capricious or an abuse of discretion. Defendant also acknowledged this at page 8 of its response where it argued that "the role of judicial review is limited to determining **whether the record is adequate** to support the administrative action". *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751(Fed. Cir. 2012) at 761. (emphasis added) *See* also *Essar Steel Ltd. v. United States,* 678 F.3d 1268 (Fed. Cir. 2012).

As defendant found it necessary to cite to "extra-record information" in multiple places in its argument, defendant is effectively conceding that the record is not adequate to support the administrative action, for if it were, the extra-record information would not have been argued. Vanguard notes that the defendant's response makes numerous references to the scope ruling and arguing that it is somehow dispositive. (pages 6, 7, 16, 18, and 19)

Plaintiff submits that there can be no question that the scope ruling in question, which was issued after the final administrative decision in this matter, is not of record in this matter. In drafting its 56.2 motion, plaintiff was thus unable to cite to the substance of the scope ruling **as it was not of record**. In fact, based on the express rejection of the existence of the scope ruling process during the agency, plaintiff would not have been allowed to do so. Had plaintiff been able to do so, it would have referenced the following language in the scope ruling (as attached to

4

defendant's response) which stated:

> Accordingly, for purposes of our analysis in this case, we must determine if the fritech is predominantly silica or predominately composed of something else.
>
> **We first examined whether fritech- a waste mineral-based surface product - is primarily silica by weight**. Commerce finds that the lab reports on the record are inconclusive regarding whether silica is the primary input by weight.
>
> Because Commerce found the lab reports submitted by VTC to be inconclusive, we then examined the patent placed on the record by VTC…
> Exhibit 1 to Response of the United States at 6.

Such language **confirms** that product which is made of materials other than chief weight Silica are outside the scope of the order and also confirms plaintiff's surmise that had this matter been properly sent by CBP during the EAPA process to the Department, the fact that the slab at issue was not quartz slab within the scope of the order would have ultimately been found. While the specific product in the scope ruling was within scope, this was because the lab tests submitted with the particular product were unclear and thus did not sufficiently establish the make-up of this product. Commerce therefore only reverted to a review of the patent, notwithstanding that the formulation of the product in the patent would be adjusted, when the lab test was not conclusive. In this matter, we have different and more conclusive, lab tests. Thus, the defendant should have sent this matter, with these lab tests, to Commerce to determine whether these lab tests supplied in the EAPA

5

matter were conclusive and established that the product was out of scope. In the matter before the Court, as discussed in the 56.2 motion, the lab tests provided during the EAPA proceeding were conclusive and showed that the material of chief weight was not Silica ($SiO_2$). While these materials did have Silicon (Si) and Oxygen (O) molecules in the raw materials, the Silicon and the Oxygen were not joined together to form Silica. That the presence of free Silicon and Oxygen does not mean that Silica is present is obvious. Consider, for example, that $H_2O$ (water) is not the same thing as Sulfuric Acid ($H_2SO_4$). Both contain Hydrogen and Oxygen molecules, but they are not bonded together as water. (See Vanguard's Memorandum in Support of its 56.2 Motion at 18.)

Vanguard sought to place the pendency of the scope ruling into the EAPA proceeding and asked CBP to take it into account. Not only did CBP not take it into account, CBP expressly directed Vanguard to remove this information from its submissions. (Record at PR-46) CBP cannot have it both ways – both refusing to consider even the existence of the scope ruling in the administrative matter and then citing it in this Court as dispositive.

### B. *The Evidence of Evasion is Not Substantial*

At pages 8 to 14 of its response, the defendant argues that the evidence of evasion was substantial. This is not correct. Substantial evidence requires that an agency articulate "a rational connection between the facts found and the choice

6

made." *Royal Brush Mfg., Inc. v. United* States, 545 F.Supp. 3d 1357 (Ct. Int'l Trade 2021). Such a connection is not present in this matter.

The issue of "substantial evidence" ultimately turns on a single question. Is the slab at issue in scope or out of scope. If it is out of scope, there are no false statements. All of the "substantial evidence" claims is based on an assumption that the slab is in scope. However, there is no evidence, let alone substantial evidence, that the slab is in scope. There are no CBP lab tests of record that support a finding that the goods are in scope. Quite to the contrary, the only CBP lab tests placed on the record (and which appeared to be provided to support the decision) had no relationship with the transactions in question. (See Vanguard's Memorandum in Support of its 56.2 Motion at pages 14-15). Further, the patents in question only generally described the product, and in any event, the actual facts control, not the patent. In other words, there is no evidence that these goods are in scope.

In contrast, there are detailed lab tests with reports provided by Vanguard which establish that certain slabs do not have chief weight silica. Rather, such goods were chief weight of other materials. (See Vanguard's Memorandum in Support of its 56.2 Motion at pages 15-16 and 18-19). In other words, the only evidence of record is that these slabs are outside of the scope of the order.

### C. Vanguard's Statements and Omissions Do Not Form a Basis for a Finding of Evasion

At pages 14 to 16 of its response, the defendant argues that Vanguard's

statements and omissions formed a basis for a finding of evasion. This, however, ignores the nature of this case and the "information not provided". There was never a dispute as to the manufacturer. There was never a dispute as to the exporter. There was never a dispute as to Country of Origin. There was never a dispute as to the nature of the entries. The only issue was whether this slab was in scope or out of scope. And the only issue with respect to scope was whether the slab was chief weight Silica or chief weight other than Silica. EAPA processes are costly, time consuming and can result in significant harm to the respondent simply from the Administrative burden. In this case, Vanguard carefully explained the absence of a dispute on virtually all of the facts, and focused all of its submissions on this single point. Defendant is seeking to support its claim on non-cooperation based solely on Vanguard's failure to provide unnecessary information which could have no bearing on the case. There was no dispute on any issue other than whether the goods fell in the scope of the order, and within that issue, the only issue was whether the goods were of chief weight silica or chief weight some other material.

### D. *CBP Should Have Made a Referral to Commerce*

At pages 16 to 20 of the Defendant's response, they argued that CBP was not required to make a referral to Commerce nor pause its investigation pending the resolution of a scope ruling. As discussed in the memo in support of the 56.2 motion at 9 - 11, the statute expressly contemplates a referral to Commerce. This language

is clear and unequivocal. There is no requirement that the **respondent** request that CBP seek this advice. Rather, as clearly stated, CBP is required to seek this advice where, as here, there is a legitimate dispute as to scope. In this case, there was a legitimate dispute as to whether or not slabs made of mineral products containing silicon and oxygen module which were not bonded together as Silica. This was a critical issue which defendant still does not seem to comprehend. While Vanguard could not directly request that Commerce provide advice to CBP on this legitimate issue, Vanguard could seek relief in the form of a scope ruling. To allow CBP, however, to progress without requesting advice and by not only ignoring, but even preventing the target from mentioning the existence of the scope ruling process, effectively nullifies the statutory provision.

Furthermore, as noted in the Memo in Support of the 56.2 Motion, Vanguard discussed CBP's own regulatory guidance at 89 Fed Reg 19239 (April 17, 2024) at 19246 – 19247:

> Apart from CBP's authority to refer issues to Commerce for a covered merchandise determination, **an interested party also has the ability to seek resolution of a scope issue before Commerce** pursuant to Commerce's regulations found at [19 CFR 351.225](#) and [19 CFR 351.227](#). CBP does not believe that an additional mechanism is needed in this rulemaking.

It is thus clear that CBP's refusal to seek advice from Commerce was an abuse of discretion, which was compounded CBP's refusal to even acknowledge the existence of a scope ruling, let alone, postpone the action on the EAPA matter until

9

the scope ruling issue was resolved.

### III. CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Court reject the arguments presented in the response of the defendant and grant their motion for Judgment on the Agency Record and remand this case to Commerce with instructions consistent with the points set forth in this memorandum.

                                            Respectfully submitted,

                                                    /s/ David Craven
                                                    David Craven

                                                    David J. Craven
                                                    Craven Trade Law LLC
                                                    3744 N Ashland Avenue
                                                    Chicago, IL 60613
                                                    (773)709-8506
                                                    David.craven@tradelaw.com

                                                    Counsel to Vanguard Trading Company LLC

Dated: November 25, 2024