

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

April 23, 2025

**VIA CM/ECF**

      Re:    *Vanguard Trading Company LLC v. United States*
                  Court No. 23-00253

Dear Counsel:

      Oral argument in this action is scheduled for April 30, 2025, at 10:00 am ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference. In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below. As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question. To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing. Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument. If counsel experience any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in. In this case, counsel may also choose to connect with their computer camera but must speak through the telephone. Finally, counsel are instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please also note that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

      For the oral argument, the court would like parties to focus primarily on the following issues.

1

I.  **Application of the EAPA statute to plaintiff's alleged misclassification of its merchandise**

   A.  Plaintiff argues that EAPA "cannot properly be invoked" against plaintiff's merchandise because plaintiff did not make a material and false statement on its entry paperwork but rather classified its merchandise based on its "legitimate and good faith claim that the goods were not subject to the antidumping and countervailing duty orders." Pl. Br. at 3.

      1.  Please clarify whether it is plaintiff's position that Customs' determination of evasion based on the alleged misclassification of plaintiff's merchandise is not consistent with "evasion" as defined in 19 U.S.C. § 1517(a)(5)(A). If so, please explain why Customs' application of EAPA to alleged misclassification is not in accordance with law. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (stating that "courts must exercise independent judgment in determining the meaning of statutory provisions").

      2.  In *Diamond Tools Technology LLC v. United States*, 46 CIT __, __, 609 F. Supp. 3d 1378, 1391 (2022), this Court held that plaintiff's "entry of diamond sawblades under type 01 instead of type 03 does not constitute a material and false statement under the EAPA." Please address the potential application to the instant case of this aspect of the Court's decision in *Diamond Tools*.

      3.  This Court has rejected plaintiffs' argument that Customs could not reach a finding of evasion where plaintiffs alleged that there was only a "good faith disagreement" with Customs about the scope of existing AD or CVD orders. *Ikadan Sys. USA, Inc. v. United States*, 47 CIT __, __, 639 F. Supp. 3d 1339, 1350 (2023). Please explain the relevance to the instant case of this aspect of the Court's decision in *Ikadan*.

   B.  In *Ikadan*, 47 CIT at __, 639 F. Supp. 3d at 1346, Customs asked that the Court remand to Customs to include in the record of that investigation a Commerce scope ruling that was consistent with Customs' covered merchandise determination and that Commerce reached after the record of the EAPA investigation had closed. In the remand results, Customs cited Commerce's scope ruling "as additional support for [Customs'] findings." *Id.*

      ▪  Please explain why Customs did not seek remand in the instant case to include Commerce's scope ruling in the record of the EAPA investigation. *See also Far East Am., Inc. v. United States*, 47 CIT

2

__, 673 F. Supp. 3d 1333 (2023) (remanding for reconsideration Customs' EAPA determination in light of court decision reversing Commerce scope ruling on which Customs relied).

C. On May 11, 2023, Customs sent to plaintiff an email notifying plaintiff that its written arguments, dated April 17, 2023, and its rebuttal arguments, dated May 2, 2023, contained "new factual information" in the form of plaintiff's request to Commerce for a scope ruling.  Rejection Email, EAPA Case No. 7722 (May 11, 2023).  Customs rejected plaintiff's two submissions because Customs' regulations require that written arguments be "based solely upon facts already on the administrative record."  *Id.* (citing 19 C.F.R. § 165.23(c)(2)).  Consequently, Customs requested that plaintiff resubmit written arguments and rebuttal arguments after removing reference to the scope ruling request.  *Id.*  However, plaintiff filed its scope ruling request on May 12, 2023.  *See* Def. Br., Ex. 1 at 1.

- Please identify the nature of the information that Customs asserted was "new factual information."

II. **Customs' decision not to make a covered merchandise referral**

A. Plaintiff argues that Customs' refusal to make a covered merchandise referral to Commerce is not in accordance with law because the "[t]he statute expressly requires CBP to seek advice from Commerce with respect to whether goods fall within the scope of the order."  Pl. Br. at 9.

1. 19 U.S.C. § 1517(b)(4)(A) requires that Customs make a covered merchandise referral to Commerce where Customs "*is unable to determine* whether the merchandise at issue is covered merchandise." (emphasis supplied).  Please address whether the statute grants to Customs authority to decide when to make a covered merchandise referral to Commerce.

2. In *Ikadan*, 47 CIT at __, 639 F. Supp. 3d at 1352, this Court stated that plaintiffs "challenged CBP's authority to make the [covered merchandise] determination."  The Court reasoned that the statute requires that Customs "shall either reach a covered merchandise determination itself . . . or refer the matter to . . . Commerce if it is <u>unable</u> to reach that determination independently."  *Id.*  The Court sustained Customs' authority to make an "<u>independent</u> covered merchandise determination."  *Id.*  Please address the relevance to the instant case of this aspect of the Court's decision in *Ikadan*.

3

   B.   Plaintiff argues that the statute and Customs' regulations required that Customs pause the EAPA investigation "until after the conclusion of the now requested scope inquiry." Pl. Br. at 11.

      1.   Please cite to the text of the statute and regulations that support this position.

      2.   Plaintiff maintains that "[h]ad CBP followed its legal obligations and requested advice from . . . Commerce in a timely fashion, Commerce would have found that the products at issue are out of scope." Pl. Br. at 18. However, Commerce initiated a scope inquiry in response to plaintiff's request and concluded on January 25, 2024 — prior to the onset of briefing in this case — that plaintiff's merchandise is *within* the scope of the Orders. Plaintiff explains that the lab report that plaintiff submitted in the instant case was "conclusive" while the lab reports submitted in the scope inquiry were "unclear." Pl. Reply Br. at 5. Plaintiff, please elaborate as to the significance of the different lab reports.

      3.   Please address whether plaintiff's argument on this point is moot in light of Commerce's conclusion that plaintiff's merchandise is within the scope of the Orders.

      4.   Please explain the reasons that plaintiff elected to challenge Customs' determination of evasion but not Commerce's scope ruling.

### III.   <u>Lab reports</u>

   A.   This Court reviews Customs' final determination and administrative review for "whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 19 U.S.C. § 1517(g)(2). Customs found that plaintiff's lab report was "unreliable because the product sampled appears to be different from the product subject to this EAPA investigation." Final Determination of Evasion at APPX005585. Plaintiff argues only that its lab report is "conclusive" that its merchandise is out of scope, but plaintiff does not address Customs' finding that the lab report was unreliable. Pl. Reply Br. at 5; Pl. Br. at 15-17.

      ▪   Please explain whether Customs' conclusion that plaintiff's lab report was "unreliable" is arbitrary or capricious.

   B.   Customs stated that it was unable to take its own sample of plaintiff's product because "no entries were imported into the United States after the

4

investigation was initiated." Final Determination of Evasion at APPX001185 n.79.  However, plaintiff asserts that Customs placed on the record two lab reports that "clearly cannot apply to the subject of this EAPA matter." Pl. Br. at 14.  Plaintiff cites to a lab report at "BPID 21" — which plaintiff neglected to include for the court's review in the confidential joint appendix — and a lab report at "PD 40," included in the public joint appendix.

- Customs did not rely on these two lab reports in reaching its determination of evasion.  Please explain the nature and origin of the two lab reports that Customs submitted to the record.

IV. **Covered merchandise**

Customs concluded that plaintiff "entered covered merchandise by means of material and false documents or electronically transmitted data or information, written statements, or material omissions that resulted in AD/CVD cash deposits not being applied with respect to the merchandise." R&R Administrative Review at 16.  Customs reached this conclusion based on two independent findings.  First, Customs found that plaintiff and its suppliers had failed "to cooperate and comply to the best of their abilities with CBP's requests for information." *Id.* at 12; Final Determination of Evasion at APPX005584.  Therefore, as facts otherwise available, Customs found "that the Importer entered Chinese-origin QSP that was misclassified, based on the information provided in the Allegation." Final Determination of Evasion at APPX005585.  Second, Customs concluded that, "even without resorting to adverse inferences, the record contains substantial evidence of evasion." R&R Administrative Review at 12.  Customs relied on the two patents in the record to conclude that plaintiff's merchandise is "covered merchandise" under 19 U.S.C. § 1517(a)(3).

A. With respect to the application of adverse inferences, Customs found that "[s]ince [plaintiff] and its suppliers failed to provide complete responses to CBP's RFIs, there is no relevant evidence on the record supporting [plaintiff's] contention that the products are not predominately composed of Silica." Final Determination of Evasion at APPX005583.  Please identify in the RFIs the specific information that Customs requested from plaintiff that would have been relevant to Customs' covered merchandise determination.

B. Please explain whether it is plaintiff's position that the two patents on which Customs relied are unrelated to plaintiff's imported merchandise.

The court prefers to discuss any confidential information all at once, following the public session, at which time those without authorized access to confidential information will be asked to leave the Courtroom or be dropped from the videoconference.

5

    Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

                                        Sincerely,

                                        /s/ Timothy M. Reif

                                        _____

                                        Timothy M. Reif, Judge